UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEVIN SCHARBA,**

    **Plaintiff,**

v.                                                               Case No.  8:07-cv-1294-T-30EAJ

**EVERETT L. BRADEN, TONY'S
SERVICE CENTER, INC., TEAM FLEET
FINANCING CORPORATION, and
BUDGET TRUCK RENTAL, LLC,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Objection (Dkt. 28) to the protective order entered by the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, on August 31, 2007 (Dkt. 28), and Plaintiff's Response in opposition to the same (Dkt. 34). The protective order prohibits Defendants from viewing and/or photographing Plaintiff's injuries and scars during Plaintiff's deposition. Upon review of the objection and accompanying memorandum, the Court determines that it should be **SUSTAINED**.

On or about August 29, 2007, Defendants noticed Plaintiff's deposition for August 29, 2007. The notice included a request for Plaintiff to "reveal/show his injuries and/or scarring during the deposition and allow defense counsel to photograph the same." (Dkt. 20, Attach. 2 at 2). Plaintiff moved for a protective order, arguing that the request was an improper request for a physical examination pursuant to Rule 35, Federal Rules of Civil Procedure. Judge Jenkins granted Plaintiff's motion, reasoning that (i) Defendants failed to

present evidence that defense counsel was qualified to assess Plaintiff's scarring and graft site, (ii) Plaintiff would suffer harassment and embarrassment at being required to remove his clothing and be photographed by defense counsel, and (iii) Defendants' desire to assess Plaintiff's scarring should be addressed by a Rule 35 motion rather than a deposition notice.

Defendants have objected to the protective order, claiming they will not be able to view the injuries/scars until Plaintiff's shows them to a jury.[1] Defendants claim that Plaintiff suffered an injury/scarring to his left hip, which is believed to be above Plaintiff's belt line. Defendants further claim that in order "to repair the hip injury some skin was taken from a graft on Plaintiff's thigh," and that they believe Plaintiff anticipates exhibiting his injuries/scars to a jury.

Defendants acknowledge that an independent medical examiner may at some point be retained pursuant to Rule 35 to assess whether the appearance of any scarring can be improved. However, Defendants argue that such experts generally do not opine regarding the damages a jury may award for "disfigurement." Defendants further argue that Plaintiff has not alleged any "special sensitivity or emotional concerns . . . that would cause him to be 'harassed and embarrassed' by having to reveal his scars to Plaintiff."

The Court agrees with Defendants. As Plaintiff may very well expose his injury/scarring to a jury, it is reasonable for Defendants' counsel to have the opportunity to view and/or photograph the scars in order to consider the extent of the injury. In King v.

---

[1] Defendants assert that Plaintiff intends to exhibit the injury/scarring to a jury. Defendants have agreed to retract the request to view the scarring if Plaintiff will agree not to submit evidence to a jury of the scarring.

Loveable Co., 506 So.2d 1127, 1129 (Fla. 5th DCA 1987), the court[2] permitted defense counsel to conduct a similar physical examination, stating "the degree and extent of disfigurement can be determined by a layperson as well as a physician . . . the extent of damages as a consequence of any disfigurement suffered by petitioner can probably be more accurately assessed by counsel than by a physician."

While the King decision is not binding on this Court, the Court agrees that the extent of the damages as a consequence of Plaintiff's disfigurement can probably be more accurately assessed by counsel than by a physician. As in the King case, there may be many legitimate reasons for counsel to view the injury, such as "to consider the extent of the injury in order to advise their clients on the advisability of making an offer of settlement; or to determine if the photographs petitioner proposes to use at trial are accurate representations." Id. at 1129. Presuming the investigation is conducted in a sensitive manner, Plaintiff's exposure of the scarring to defense counsel would not be unreasonably embarrassing.[3]

It is therefore ORDERED AND ADJUDGED that:

---

[2] The court in King held that defense counsel's request to examine the plaintiff's breasts to determine the degree of disfigurement allegedly caused by a brassiere was not a physical examination contemplated by Florida Rule of Procedure 1.360, the Florida state rule equivalent of Fed.R.Civ.P. 35. King, 506 So.2d at 1129.

[3] The Court has reviewed Plaintiff's Response in Opposition to Defendants' Objection (Dkt. 34) in which Plaintiff argues Defendants improperly rely upon citations to legal authority not argued before the Magistrate Judge. The Court rejects this argument, noting that (i) Plaintiff's Motion for Protective Order was filed only two (2) days before his scheduled deposition, thus necessitating a "hasty" response, and (ii) the case law cited in Defendants' Objection supports the arguments initially raised in Defendants' Response to Plaintiff's Motion for Protective Order (Dkt. 23) and (iii) this Court would have made the same ruling without the benefit of the cited case authority.

1. Defendants' Objection to the Magistrate's Order (Dkt. 28) is **SUSTAINED**.

2. The Magistrate Judge's Order dated August 31, 2007 (Dkt. 25), is hereby set aside.

3. The parties shall arrange for an investigation of Plaintiff's injury and scarring by defense counsel. Defense counsel shall conduct the investigation in a respectful manner, so as to minimize any embarrassment on the part of Plaintiff.

4. In the event the parties cannot agree on a reasonable method to conduct the investigation, either party may request a hearing before the Court on this matter.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1294.objection.frm