UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN SCHARBA,

    Plaintiff,

v.                                            Case No.: 8:07-cv-1294-T-33EAJ

EVERETT L. BRADEN, LTD., TONY'S
SERVICE CENTER, INC., TEAM
FLEET FINANCING CORPORATION
and BUDGET TRUCK RENTAL, INC.,

    Defendants.
_____/

## **ORDER**

**THIS MATTER** came before the Court on the Plaintiff, Kevin Scharba's Motion to Allocate Settlement and Determine Medicaid Lien (Doc. 158). The State of Florida Agency for Health Care Administration ("AHCA") responded in opposition to the Motion (Docs. 162, 163), and the Court received arguments on the Motion in a hearing held on March 8, 2010. Having reviewed the record and heard the arguments and being otherwise fully advised in the premises, it is

**ORDERED**, **ADJUDGED** and **DECREED** that the Motion (Doc. 158) is **DENIED** and AHCA's Medicaid lien shall be paid in full from the proceeds of the settlement in this case.

**I.    BACKGROUND**

Scharba brought an action in state court for damages stemming from injuries he received in an accident in March 2006 (Doc. 4). The case was removed to this Court in July

2007 (Doc. 1) and the parties filed a notice of settlement in October 2008 (Doc. 150). The parties settled the case for $440,000 (Doc. 158, Exh. B). Scharba acknowledges that the settlement agreement contained no allocation of the amount recovered among the various elements of damages suffered by the recipient from the accident (Doc. 158, ¶10 and Exh. B). More importantly, AHCA did not agree to any such allocation or apportionment. AHCA provided $65,373.55 in Medicaid benefits in connection with the injuries sustained in the accident (Doc. 162). Scharba expressly acknowledged that AHCA paid $65,373.55 in past medical benefits and that AHCA asserted a Medicaid Casualty Lien in this precise amount (Doc. 158, ¶6 ). The case was reopened for the limited purpose of resolving the issue of AHCA's outstanding lien for the recovery of medical expenditures paid by Medicaid in connection with the accident (Doc. 154).

  **A.** **The Medicaid Program**

Medical services rendered for Scharba's injuries were paid for in whole or part through the taxpayer funded program known as Medicaid. Medicaid is a cooperative program that provides federal and state medical care funding for certain individuals who are unable to afford their own medical costs. Participating states are required by federal law to "take all reasonable measures to ascertain the legal liability of third parties. . .to pay for care and services available under the plan" and to "seek reimbursement for [medical] assistance [made available on behalf of a recipient] to the extent of such legal liability." 42 U.S.C. § 1396a(a)(25)(A)-(B) (2000). State laws control the administration of the program, including the method by which a state may seek reimbursement for prior Medicaid assistance. See

Arkansas Dep't of Health & Human Services v. Ahlborn, 547 U.S. 268 (2006).

To maintain the viability of the Medicaid system, federal law requires states to enact legislation to secure Medicaid's reimbursement from recipients' settlements with, or judgments or awards against, liable third parties. 42 U.S.C. § 1396a(a)(25). Federal law requires that "any amount collected by the State. . .shall be retained by the State as is necessary to reimburse it for medical assistance payments made on behalf of an individual . . . ." 42 U.S.C. § 1396k(b). To accomplish this, federal law mandates that participating states require Medicaid recipients to effect a comprehensive assignment of their rights as to claims against third parties in order to qualify for Medicaid benefits. 42 U.S.C. § 1396k.

While Medicaid laws are organized to effect full Medicaid lien recovery, they are not intended to allow the pursuit of a living Medicaid recipient's property to satisfy a pending lien. 42 U.S.C. § 1396p(a)(1) (the "anti-lien statute").

### B. Florida's Medicaid Third-Party Liability Act

In keeping with this federal intent, Florida's Medicaid Third-Party Liability Act ("Florida's Act") expressly states that Florida Medicaid shall be "the payer of last resort." Fla. Stat. § 409.910(1) (2006). Florida's Act also grants an automatic lien over any third-party benefits to effect recovery. Fla. Stat. § 409.910(6)(b) (2006). In accordance with the federal anti-lien statute, Florida's Act incorporates equitable provisions that restrict the amount AHCA may obtain from a recipient's recovery against a third-party. See, e.g., Fla. Stat. §§ 409.910(11)(f) and (12) (2006). Section (11)(f) of Florida's Act limits Medicaid recovery from a third-party award to one-half of the amount remaining after attorney's fees

3

(calculated at 25% of the award) and taxable costs are deducted. Section (12) further limits Medicaid recovery from a third-party award by precluding Medicaid from obtaining any amount unrelated to a covered injury or illness.

A review of the statute reveals the statutory basis for AHCA's assertion of a lien against third-party benefits obtained by a Medicaid recipient for medical expenses. Section 409.910(6) provides that an application for Medicaid or the acceptance of Medicaid benefits operates as an automatic assignment to AHCA of third-party benefits. Section 409.910(11) sets forth the formula to be used in determining the amount to be paid AHCA from settlement proceeds.

### C. Scharba's Argument

Scharba contends this Court is prohibited from applying the section 409.910(11)(f) statutory formula by the Supreme Court's ruling in Ahlborn. According to Scharba, federal law as articulated in Ahlborn "prohibits State Medicaid programs from asserting a lien against, and seeking recovery from, a Medicaid recipient's *entire* settlement." (Doc. 158, ¶7) (emphasis in original). Relying on Ahlborn, Scharba urges the Court to reject the Florida statutory formula and to instead determine what portion of the settlement represents repayment of medical expenses by comparing the so-called full value of the case to the actual settlement amount and reducing Medicaid's lien recovery by that ratio (Doc. 158, ¶8).

Scharba submitted an affidavit from a personal injury attorney, admitted to both the Florida and Georgia Bars in 1992, who opined that "a reasonable monetary value to place on all of Kevin Scharba's damages, and the value a jury would assign to those damages. .

4

.would be equal to or in excess of $880,000.00," which is exactly twice the settlement amount (Doc. 158, Exh. A). Adopting this figure, Scharba urges this Court to reduce AHCA's $65,373.55 lien by 50%, to $32,686.76. He then urges the Court to apply yet a second reduction of 40% for attorney's fees and to award AHCA a total of $19,612.05 in full satisfaction of its Medicaid Casualty Lien (Doc. 158, ¶¶ 13-14).

### D. AHCA's Argument

AHCA argues that Alhborn neither compels the use of a full value formula nor renders Florida's statutory formula invalid. It asserts that the applicable formula is derived from section 409.910(11)(f) of the Florida Statutes. By applying that formula, AHCA is entitled to recover from this settlement the full amount of the expenses the taxpayers incurred in providing medical care for Scharba's injuries.

## II. ANALYSIS

### A. The Ahlborn Case

In Ahlborn, the Court was asked to determine whether the Arkansas Department of Health and Human Services ("ADHS") could claim a statutory lien on a settlement for more than the portion that by stipulation represented the recovery of medical expenses. Ahlborn, 547 U.S. at 279-80. The Medicaid recipient in Ahlborn challenged the Arkansas Medicaid recovery statute because it permitted reimbursement from settlement proceeds recovered for damages other than medical expenses. Id. at 274.

In Ahlborn, the Supreme Court considered whether the Arkansas Medicaid statute, under which the state asserted an unqualified "right to recover the entirety of the costs it paid

on the Medicaid recipient's behalf," violated the third-party liability provisions of the federal Medicaid law. Id. at 278. As Florida's Second District Court of Appeal recently noted, "[c]entral to the Ahlborn court's reasoning was the state's stipulation concerning the portion of the settlement attributable to medical expenses." Russell v. Agency for Health Care Admin., 23 So.3d 1266, 1268 (Fla. 2d DCA 2010). The Medicaid recipient and the state stipulated that the entire tort claim was reasonably valued at $3,040,708.12, although the case had been settled for a total of $550,000. Furthermore, the state "stipulated that only $35,581.47 of that [settlement] sum represent[ed] compensation for medical expenses," although it asserted a lien for $215,645.30. Ahlborn, 547 U.S at 280.

The state thus agreed that the portion of the settlement attributable to medical expenses was roughly equivalent to one-sixth of the lien amount. To reach this figure the state utilized a formula under which the portion of the settlement attributable to medical expenses was roughly based on the ratio of the amount recovered in the settlement to the amount of the stipulated "full value" of the case.

The Court rejected Arkansas' argument that it was entitled to obtain satisfaction of its lien "out of [settlement] proceeds meant to compensate the recipient for damages distinct from medical costs - like pain and suffering, lost wages, and loss of future earnings." Ahlborn, 547 U.S. at 272. The Supreme Court reasoned that the federal statutory provisions regarding the forced assignment of third-party benefits "*require* an assignment of no more than the right to recover that portion of a settlement that represents payments for medical care," id. at 282 (emphasis in original), and that the "anti-lien provision" of federal law

"precludes attachment or encumbrance of the remainder of the settlement." Id. at 284. The Court held that the federal Medicaid law did not authorize the state "to assert a lien on Ahlborn's settlement in an amount exceeding $35,581.47 [the stipulated portion of the settlement constituting payments for medical care], and the federal anti-lien provision affirmatively prohibit[ed] it from doing so," Id. at 292.

### B. Scharba's Position on Ahlborn

Scharba contended in the Motion and at oral argument that the Ahlborn case stands for the proposition that a state can not "assert a lien against, and seek recovery of, a Medicaid recipient's *entire* settlement." (Doc. 158, ¶ 7) (emphasis in original). The central issue in Ahlborn was not whether a state Medicaid agency could assert a lien against an entire settlement, but whether a state has a "right to recover" more than "just that portion of a judgment or settlement that represents payment for medical expenses." Id. at 275, 278. As the Supreme Court put it, the issue was whether the Eighth Circuit correctly held that "ADHS was entitled only to that portion of the settlement that represented payments for medical care." Id. at 269. In framing the issue, the Supreme Court explained that "[w]e must decide whether ADHS can lay claim to more than the portion of Ahlborn's settlement that represents medical expenses." Id. at 280. The Court held the Arkansas provision unenforceable because the facts showed that the state was seeking money from the settlement proceeds which both the Medicaid agency and the Medicaid recipient agreed did not represent payments for medical care.

### C. Florida's Act Materially Differs from the Arkansas Statute at Issue in Ahlborn

Florida's Act incorporates a variety of equitable measures which were not present in the statute under review in Ahlborn. The Arkansas statute allowed the agency to recover settlement amounts unrelated to medical expenses. Florida's Act expressly prohibits the recovery of non-medical damages and incorporates equitable mechanisms designed to prevent a recipient from the loss of an entire settlement or award. See Fla. Stat. §§ 409.910 (11) and (12).

To ensure a recipient's portion of a settlement award is never obliterated in whole or substantial part, section 409.910(11)(f) limits the AHCA's recovery to no more than 37.5% of the settlement proceeds and guarantees a recipient will receive no less than half of any settlement after a statutory reduction for attorney's fees and costs. After a reduction by 25% for attorney's fees and a further reduction of 50%, only 37.5% of the settlement proceeds remain from which the AHCA is entitled to recover its lien. The statutory formula's provision for consideration of taxable costs lowers the limit of recovery even further, often resulting in a recovery of one-third of the settlement proceeds or substantially less.

### D. Applicable Formula

Scharba's suggested method of calculating that portion of a settlement representing repayment of medical expenditures is more akin to the approach often applied in determining the amount of collateral sources recovered in a given award or settlement not involving Medicaid or other benefit programs. Section 768.76(5) reads in connection with apportioning reimbursement of collateral sources:

> Any disputes between the claimant and the provider as to the actual amount of collateral sources recovered by the claimant from a tortfeasor shall be subject to determination by a court of competent jurisdiction. In determining the actual amount of collateral sources recovered, the court shall give consideration to any offset in the amount of settlement or judgment for any comparative negligence of the claimant, limitations in the amount of liability insurance coverage available to the tortfeasor, or any other mitigating factors which the court deems equitable and appropriate under the circumstances.

Fla. Stat. § 768.76(5) (2009).

This method of apportionment would permit the court to apply offsets to comparative negligence, consider limits of insurance coverage, calculate a sharing in legal fees and otherwise engage in a full value analysis in determining a subrogee's share of collateral sources. Fla. Stat. § 768.76(4). The Florida Legislature, however, has specifically prohibited the use of this apportionment method in reimbursing Medicaid. Section 768.76(2)(b) provides that benefits received under the Medicaid program "shall not be considered a collateral source" allocable pursuant to section 768.76(1). Instead, to determine that portion of a settlement attributable to medical expenses and therefore reimbursable to Medicaid, the Legislature enacted the statutory formula found in section 409.910(11)(f).

In this case, there was no allocation of, or stipulation as to, the portion of the settlement representing reimbursement for medical damages. Moreover, although Scharba claims the statute requires that AHCA lay claim to the entire settlement in every case, his claim is belied by the recognition that in this very case AHCA asserted a Medicaid Casualty Lien in the precise amount of its past medical expenditures on Scharba's behalf (Doc. 158,

9

¶6). Accordingly, this Court holds, as did Florida's Second District Court of Appeal in Russell, that where, as here, "there is no such stipulation and no similar basis for determining an allocation of the settlement proceeds," the statutory formula of § 409.910(11)(f) controls to determine the appropriate payment of AHCA's lien from settlement proceeds. Russell, 23 So.3d at 1268.

### E. The Florida Cases

The Court has reviewed Florida's appellate decisions issued after Ahlborn. These opinions, which have specifically addressed the issue of the continued viability of the Florida statutory formula for allocating settlement proceeds, have rejected the argument advanced by Scharba. They have rejected claims that Ahlborn mandates a full value analysis and have upheld the use of the Florida statutory formula in determining the appropriate amount of settlement proceeds allocable to medical reimbursement. See, e.g., Russell, 23 So.3d at 1269 ("In Florida, a Medicaid recipient entering into a settlement of a tort claim with a third party does so against the backdrop of the fifty-percent allocation rule set forth in section 409.910(11)(f) . . . .Where, as here, there is no basis for concluding that AHCA's lien extends to a portion of the settlement meant to compensate the recipient for damages distinct from medical costs, Florida's statutory allocation rule must prevail."); Baby Angela ex rel. Elsass v. Bryson, 2010 WL 655204, Case No. 2D09-824, (Fla. 2d DCA Feb. 24, 2010), *aff'd per curiam* (citing to Russell); Storey ex rel. Storey v. Hickcox, State of Florida Agency for Health Care Admin., 2010 WL 424460, Case No. 1D09-969 (Fla. 1st DCA Feb. 8, 2010), *aff'd per curiam* (citing to Russell); Smith v. Agency for Health Care Admin., 24

So.3d 590, 591 (Fla. 5th DCA 2009) ("[T]he [C]ourt in Ahlborn simply accepted the stipulation [ ] and in no way adopted the formula as a required or sanctioned method to determine the medical expense portion of an overall settlement amount.").

As the Florida appeal courts have noted, section 401.910(11)(f) accomplishes the important federal goals of protecting a recipient's interest in securing a meaningful recovery while at the same time ensuring that the taxpayers are adequately reimbursed for the funds they have already expended on the recipient's behalf.

### F. Legislative Considerations and Judicial Deference

The Florida courts have also recognized, as did the court in Andrews ex rel. Andrews v. Haygood, 669 S.E.2d 310 (N.C. 2008), that with respect to public benefits such as Medicaid, the Legislature must be accorded deference in the decisions it makes for the citizens of this state. See Andrews, 669 S.E.2d at 314; State Agency for Health Care Admin. v. Wilson, 782 So.2d 977, 980 (Fla. 1st DCA 2001). In Wilson, the court cautioned the judiciary against curtailing the AHCA's federally mandated recovery under the Florida statute. Id. at 1243.

Concerning Florida's Act, the Florida Supreme Court has warned "the judicial branch must be cautious when evaluating the choices made by the legislative branch as to the appropriate funding for programs it has deemed important to the public welfare. . . ." Agency for Health Care Admin. v. Assoc. Indus. of Florida, Inc., 678 So.2d 1239, 1243 (Fla. 1996).

As the court in Andrews emphasized, the Legislature is in the best position to assess the advisability of a statutory formula such as the one set forth in section 401.910(11)(f).

11

Andrews, 669 S.E. 2d at 314. In upholding the statutory formula applicable in North Carolina, the court in Andrews noted that in enacting the statute "the General Assembly may have considered factors such as the strain on resources to send State employees across North Carolina to participate in evidentiary allocation hearings each time a Medicaid recipient recovers from a third party." Id. The court also observed that "the legislature may have found it important that a case by case determination of the medical expenses portion of settlements could lead to variable results and increased litigation due to inconsistency in outcomes." Id.

## III.   CONCLUSION

For the reasons discussed in this Order, the Court concludes that Ahlborn does not prohibit the application of the statutory formula in section 409.910(11)(f), that Ahlborn does not compel the application of a so-called full value formula, that the facts here are materially distinguishable from those present in Ahlborn, that section 409.910(11)(f) controls in this case, and that Scharba's arguments are premised on a misreading of both the Ahlborn case and Florida's Act.

The Court finds that because the Medicaid lien in this case does not exceed fifty percent of the amount recovered in the settlement, AHCA is entitled to recover the full amount of its lien pursuant to section 409.910(11)(f)(1). The Court further finds that the Medicaid lien amount constitutes that portion of the settlement attributable to the recovery of medical expenses incurred by AHCA.

**WHEREFORE**, this Court directs that the Medicaid Casualty Lien asserted by

AHCA in the amount of $65,373.56 shall be satisfied in full from the proceeds of the settlement between Scharba and the Defendants in this action consistent with the statutory formula outlined in Fla. Stat. § 401.910(11)(f).

**DONE** and **ORDERED** from Chambers in Tampa, Florida on this 31st day of March 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record